## UNITED STATES *v.* GAYLE.

*(District Court, D. South Carolina. April 26, 1892.)*

1. JUDGMENT—VALIDITY—MARRIED WOMEN.
   A judgment rendered against a married woman on an official bond, executed by her as surety for her husband, in South Carolina, in 1867, is void, as she was then subject to all common-law disabilities.

2. SAME—VACATING.
   The fact that such judgment was sued on as a cause of action, and judgment rendered against defendant after she became discovert, will not prevent the court from vacating the original judgment and all proceedings had thereunder, on a motion made in that cause.

At Law. Action by the United States against Mittie Gayle, as surety on the official bond of her husband. Judgment was rendered for plaintiff, and was afterwards sued on as a cause of action, and judgment again rendered for plaintiff. 45 Fed. Rep. 107. Defendant now moves to vacate the original judgment. Granted.

*A. Lathrop*, U. S. Dist. Atty.

*C. B. Northrop*, for defendant.

SIMONTON, District Judge. The defendant, a married woman, signed as surety the bond of her husband, a postmaster at Camden, S. C., on 19th day of November, 1867. At that date a married woman in South Carolina was under all the common-law disabilities, and her legal existence was merged in that of her husband. On 4th day of March an action was begun in this court against her alone, she being still a married woman living with her husband. Default having been made, judgment was obtained and entered up. The declaration is as against a male. Masculine words are used in it altogether, and there was nothing on the record but her first name to excite the suspicion that a woman was the defendant. No steps were taken upon this judgment until 15th October, 1889, when suit was brought against the defendant upon the judgment as a cause of action. She was then a widow. She appeared, and in her answer set up as defenses that she was never served in the original case, and had no notice of the suit. She also averred that the bond was void. After argument it was held, on demurrer to the answer, that the original judgment imported absolute verity, and as long as it remained in force, not reversed or not avoided, it must avail as a cause of action. 45 Fed. Rep. 107. A motion is now made to set aside the judgment as absolutely void. The facts stated as to her coverture are not denied. It is clear that when the first suit was had, and the judgment taken thereon, there was no person legally existing as defendant. The judgment was absolutely void. *Freer* v. *Walker*, 1 Bailey, 184. Properly, as soon as she got notice of the existence of this judgment after her discoverture, steps should have been taken to set it aside. No such step could have been taken by her until she became discovert. When the second suit was entertained, the court felt bound by authorities, and could not admit the defense set up; but if the original judgment was

void, we cannot preclude her present motion by saying that it was merged in the new judgment. There was nothing which could become merged. This is not a case of error in a judgment. There was no error, as the facts disclosed nothing. It is like a judgment against one dead when suit began,—a nullity. "A judgment which is a nullity on account of being rendered against a corporation that does not exist will be vacated, and, as a general rule, all void judgments will be so treated." Freem. Judgm. § 98. It may be that the intervention of the second judgment is a grave difficulty. But the wrong of enforcing a contract like this, and of compelling the widow to suffer for an act void *ab initio*, and incapable of confirmation by mere acknowledgment, (see 14 Amer. & Eng. Enc. Law, 619,) is too monstrous to be entertained. Let the judgment and all proceedings under it be vacated.